**IDAHO MIGRANT COUNCIL et al.,**
**Plaintiffs-Appellants,**

v.

**BOARD OF EDUCATION et al.,**
**Defendants-Appellees.**

**No. 79–4660.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 1981.

Decided June 5, 1981.

Peter Roos, San Francisco, Ca., for plaintiffs-appellants.

Thomas C. Frost, Boise, Idaho, for defendants-appellees; Kenneth L. Mallea, Boise, Idaho, on brief.

Before HUG and SKOPIL, Circuit Judges, and ORRICK *, District Judge.

* The Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

1. The Equal Educational Opportunities Act of 1974 provides in part:

   No State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin, by—

   .    .    .    .    .

   (f) the failure by an educational agency to take appropriate action to overcome lan-

HUG, Circuit Judge:

Appellant Idaho Migrant Council (Council), a non-profit corporation representing Idaho public school students with limited English language proficiency, filed suit against the Idaho State Department of Education, the State Board of Education, and the Superintendent of Public Instruction (hereinafter referred to collectively as "State Agency"), seeking declaratory and injunctive relief, asserting that the State Agency is in violation of federal law because it has failed to exercise its supervisory powers over local school districts to ensure that appellants receive an equal educational opportunity. The district court granted summary judgment for the State Agency, on the basis that under Idaho State law the State Agency is not empowered to supervise compliance with federal law by the local school districts. Because we conclude that Idaho law does empower the State Agency to supervise the local school districts, and that federal law does impose such an obligation, we reverse.

The Council asserts that it is the responsibility of the State Agency, pursuant to the Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1703(f),[1] Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d,[2] and the fourteenth amendment, to supervise local districts to ensure that students with limited English language proficiency be given instruction which addresses their linguistic needs. The State Agency maintains that it is not empowered, under State law, to supervise the implementation of federal requirements at the local level. The proper parties to the suit, the State Agency

guage barriers that impede equal participation by its students in its instructional programs.

20 U.S.C. § 1703(f).

2. 42 U.S.C. § 2000d provides:

   No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

asserts, are the local districts. The district court, agreeing with the State Agency, granted summary judgment in its favor.

The issue before this court is not whether the State Agency or local districts are in compliance with the mandates of federal law. Rather, the issue here is whether the State Agency has an obligation to supervise the local districts to ensure compliance. It is the latter question which we decide in favor of the Council.

The Idaho State Constitution provides that the "general supervision of the state educational institutions and public school system of the State of Idaho, shall be vested in a state board of education . . . ." Art. 9 § 2. The Idaho legislature has vested specific supervisory functions in the State Board of Education. For example, the State Board is required to "supervise all school districts," Idaho Code § 33–116, "prescribe the minimum courses to be taught in all elementary and secondary schools," Idaho Code § 33–118, and "set forth minimum requirements to be met by public, private and parochial secondary schools," Idaho Code § 33–119. Thus we find that the State Agency clearly has the power under state law to supervise local school districts and, where appropriate, to require minimum standards of instruction.

In addition, federal law imposes requirements on the State Agency to ensure that plaintiffs' language deficiencies are addressed. The Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1703(f), provides in part that "[n]o state shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin, by . . . the failure by an educational agency to take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs." The term "educational agency" is defined to include both local school boards and "the state board of education or other agency or officer primarily responsible for the state supervision of public elementary and secondary schools . . ." 20 U.S.C. §§ 1720(a), 881(k).

Title VI of the Civil Rights Act of 1964 also creates an obligation on the part of the State Agency. The Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Further, the State Agency has entered into a contractual agreement with the United States whereby it has agreed to comply with Title VI.[3]

We emphasize that we reach no conclusion on the question whether the State of Idaho, through its state educational agencies, is currently in compliance with the Equal Educational Opportunities Act of 1974 and Title VI. We merely hold that the State Agency is empowered under state law and required under federal law to ensure that needs of students with limited English language proficiency are addressed. It was thus improper for the district court to have granted summary judgment. On remand, the district court should receive evidence regarding the educational needs of students with limited proficiency in English, and the nature of the programs currently in place that address the needs of those students, in order to determine whether federal requirements are being met.

REVERSED and REMANDED.

---

**3.** Because we find a specific statutory obligation on the part of the state, we need not reach the fourteenth amendment issue. *See Lau v.* *Nichols*, 414 U.S. 563, 566, 94 S.Ct. 786, 788, 39 L.Ed.2d 1 (1974).